UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FARSHAD GHIASSI,

Petitioner,

v.

RON MURRAY, et al.,

Respondents.

No.  1:26-cv-01179-JLT-SKO (HC)

**FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS**

**(Doc. 1)**

**[21-DAY OBJECTION DEADLINE]**

Petitioner Farshad Ghiassi is a national of Iran who immigrated to the United States more than a decade ago.  While in the United States, he served time in prison for a crime he committed. Following his release from criminal custody, ICE detained Petitioner on or around 2016 to effectuate a final order of removal under 8 U.S.C. § 1231(a)(6) as a noncitizen with a criminal conviction. (Doc. 3 at 2; Doc. 8 at 1.) Petitioner asserts that while in ICE custody, Respondents were unable to secure travel documents to Iran. (Doc. 3 at 2.) As a result, sometime in 2016, Petitioner was released on an order of supervision ("OSUP") because his "[r]emoval was deemed not reasonably foreseeable." (Doc. 3 at 2.) Following his release from ICE custody, and for the past ten years, Petitioner "complied with all reporting requirements," "[a]ttended ICE check-ins," "[m]aintained community residence," and "[n]ever absconded or violated supervision." (Doc. 3 at 2–3.) Respondents have not offered any argument or evidence to the contrary. (Doc. 8.) There is also no indication in the record that Petitioner has committed any new crimes in the past ten

1

years. (Docs. 1, 3, 8, & 9.)

On January 24, 2026, ICE arrested the Petitioner at his residential community in Milpitas, California and placed him in detention at the Mesa Verde Detention Center. (Doc. 1 at 2–3; Doc. 3 at 3.) Petitioner contends his Fifth Amendment due process rights have been violated and he is entitled to immediate release from ICE custody. (Docs. 1, 3.) Petitioner argues that Respondents violated the due process clause when they re-detained him without a warrant, notice, or hearing after ten years of release on supervision. (Doc. 1 at 1; Doc. 3 at 2.) According to Petitioner, there is no change in circumstances to justify his re-detention because he has no OSUP violations and his removal to Iran is not reasonably foreseeable. (Doc. 1 at 2–3; Doc. 3 at 2–3.)

Respondents offered no argument or evidence to suggest that ICE provided a written notice, warrant, or hearing upon Petitioner's re-detention. (Doc. 8.) Respondents do not claim any OSUP violations, new criminal violation or any other factual change as the reason for his re-detention. (Id.) Instead, Respondents assert that Petitioner's re-detention is justified to effectuate his removal to Iran due to his "*prior* criminal conviction." (Id. (emphasis added.).) Specifically, Respondents argue that, under Zadvydas v. Davis, 533 U.S. 678, 682, 701 (2001), Petitioner's claims must be rejected because (1) he has not been detained for more than six-months and (2) he fails to show that his removal is not reasonably foreseeable. (Doc. 8 at 1.) Respondents further argue that under 8 C.F.R. § 236.1(c)(9), ICE has discretion to revoke an order of supervised release at any time. (Id. at 2.)

On March 5, 2026, the District Court converted Petitioner's motion for temporary restraining order into a motion for preliminary injunction and granted the motion. (Doc. 10.) Respondents were ordered to release Petitioner under the conditions of his most recent order of supervision. Respondents were further enjoined from re-detaining Petitioner unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future, or Respondents demonstrate by clear and convincing at a pre-deprivation bond hearing before a neutral decisionmaker that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. The matter was then referred to the undersigned for further

2

proceedings.

On March 6, 2026, the undersigned issued an order directing the parties to advise the Court whether they wished to provide additional briefing. (Doc. 11.) On March 16, 2026, the parties filed a joint status report indicating that Petitioner was released from ICE custody and the parties did not wish to provide additional briefing. (Doc. 12.)

As the parties wish to stand on their previous submissions, the Court recommends that the petition be granted for the reasons discussed in the order granting a preliminary injunction. Specifically, because Petitioner was released on an order of supervision after he was issued a final order of removal and detained, the regulation at 8 C.F.R. § 241.13(i)(2) applies and outlines the procedures to be followed. See Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025); Phan v. Beccerra, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025); Yan-Ling X. v. Lyons, No. 1:25-cv-01412-KES-CDB, 2025 WL 3123793, at *3–5 (E.D. Cal. Nov. 7, 2025); J.L.R.P. v. Wofford, No. 1:25-cv-01464-KES-SKO, 2025 WL 3190589, at *4–5 (E.D. Cal. Nov. 14, 2025).

According to 8 C.F.R. § 241.13(i)(2), to revoke an alien's supervised release, Respondents bear the burden of demonstrating that there is a significant likelihood of removal in the reasonably foreseeable future on account of changed circumstances. Respondents have failed to do so. Petitioner was initially released on an order of supervision because Respondents were unable to remove him to Iran. When Respondents revoked his order of supervision, they failed to show any changed circumstances which would indicate Petitioner's removal was now significantly likely. Respondents possessed no travel documents for Petitioner to travel to Iran, Petitioner's removal was not currently scheduled, and Respondents provided no evidence to show what steps they have taken to remove Petitioner, such as contacting the Iranian embassy to commence the process. Respondents further failed to explain why travel documents were more likely to be obtained now when previous attempts proved fruitless. Thus, Respondents violated Petitioner's due process rights by failing to follow § 241.13(i)(2) in revoking Petitioner's order of supervision.

Respondents also failed to provide notice and a prompt interview in violation of 8 C.F.R.

3

§ 241.13(i)(3). As noted by the District Court, Respondents do not contest that they failed to provide notice or a written explanation to Petitioner when they detained him. There is also no indication that a prompt interview was provided to allow Petitioner to contest the reasons for revocation.

Thus, Respondents failed to follow their own regulations in violation of Petitioner's due process rights.

**RECOMMENDATION**

For the foregoing reasons, the Court hereby RECOMMENDS that the petition for writ of habeas corpus be GRANTED and Respondents be PERMANENTLY ENJOINED from re-detaining Petitioner unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or Respondents demonstrate by clear and convincing at a pre-deprivation bond hearing before a neutral decisionmaker that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This

recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **March 25, 2026**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE